**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHARON WHITE,**

                              **Plaintiff,**

-vs-                                                    **Case No.  6:06-cv-1161-Orl-19KRS**

**PHILIP MORRIS USA, INC.,**
**R.J. REYNOLDS TOBACCO COMPANY,**
**LIGGETT GROUP LLC, VECTOR GROUP**
**LTD.,**

                              **Defendants.**
_____

# ORDER

This case comes before the Court *sua sponte* on consideration of its subject-matter jurisdiction.

Plaintiff Sharon White originally brought this action against Defendants, who are all manufacturers, advertisers, or sellers of tobacco products, in Florida state court, alleging civil conspiracy, intentional misrepresentation of fact, and breach of implied warranty. (Doc. No. 2, filed Aug. 4, 2006.)   The case was subsequently removed to this Court on the basis of diversity jurisdiction. (Doc. No. 1, filed Aug. 4, 2006.)

On February 5, 2008, the Court granted Plaintiff's Motion to Amend her Complaint. (Doc. No. 53.)  Plaintiff's Amended Complaint was filed the following day and included claims against two new Defendants, Liggett Group LLC and Vector Group Ltd. (Doc. No. 54.)  Plaintiff alleges in her Amended Complaint that Defendant Vector Group Ltd., Inc. is "duly organized, created, and existing under and by virtue of the law of Florida, with its principal place of business located in the state of Florida."  (*Id.* at ¶ 6.)  As Defendants noted in their Opposition to Plaintiff's Motion to

Amend, the joinder of this non-diverse Defendant to Plaintiff's Complaint defeats this Court's subject matter jurisdiction.  (Doc. No. 49 at 2.)

Title 28 of the United States Code, Section 1447, provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."  28 U.S.C. § 1447(c) (2006) (emphasis added).  This Section also states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* § 1447(e).  In its interpretation of this statute, the Eleventh Circuit Court of Appeals has cited with approval the Sixth Circuit Court of Appeals' finding that "Congress did not use 'motion' with respect to remand for a lack of subject matter jurisdiction [in Section 1447(c)], instead *requiring* a district court to remand a case *sua sponte* when it finds that it lacks subject matter jurisdiction." *Whole Health Chiropractic & Wellness, Inc. v. Humana*, 254 F.3d 1317, 1320 (11th Cir. 2001) (emphasis added) (citing *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995)); *see also Citibank, N.A. v. Gumbs*, No. 1:07-cv-2476-TWT, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007) ("If a court does not have original jurisdiction, a district court may *sua sponte* remand a case on the basis of lack of subject matter jurisdiction.").

Since the parties to this case are no longer completely diverse, the Court no longer has subject matter jurisdiction.  28 U.S.C. § 1332(a).  Accordingly, the Court must issue an Order of remand.  Defendants' motion for an extension of time to file a response to Plaintiff's Amended Complaint (Doc. No. 57, filed Feb. 22, 2008) may be addressed by the state court upon remand.

Based on the foregoing, this case is **REMANDED** to state court for further proceedings. The Clerk of the Court is directed to mail a certified copy of this Order to the state Court Clerk and to close this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 22, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record